# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

GARY RICHARDSON, individually
on behalf of himself and all others similarly situated,

    Plaintiff,

v.

TENNESSEE MENTAL HEALTH
CONSUMERS' ASSOCIATION, INC.

    Defendant.

JURY DEMANDED
FLSA COLLECTIVE ACTION

No.: _____

## COMPLAINT

PLAINTIFF, Gary Richardson, individually on behalf of himself and all others similarly situated, bring this action against the Defendant and alleges as follows.

### I. JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Defendant, who does business in Shelby County, Tennessee.

3. Venue also lies in the Western District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

### II. PARTIES

4. Plaintiff Gary Richardson is an adult resident of Shelby County, Tennessee. Plaintiff Richardson was employed by Defendant Tennessee Mental Health Consumers' Association, Inc., (hereinafter "Defendant").

5. During his employment with Defendant, Plaintiff was a covered employee under the FLSA.

6. Defendant is a covered "employer" under the FLSA, 29 U.S.C. § 203(d).

7. Defendant is a corporate entity doing business in Shelby County, Tennessee. Defendant may be served with process through its registered agent, Anthony K. Fox, 3931 Gallatin Pike, Nashville, Tennessee, 37216.

8. In addition to the named Plaintiff, Defendant employs and has employed other similarly situated employees.

9. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are and were centrally and collectively dictated, controlled, and ratified.

### III. FACTUAL BASIS FOR SUIT

10. This is a collective action under the FLSA, 29 U.S.C. § 201 et seq. brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendants and who worked overtime without receiving proper overtime compensation for all of the hours worked.

11. The collective action claims are for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

12. Plaintiff brings this action on behalf of himself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b) is attached to the Complaint.

13. This action is filed on behalf of all non-exempt employees of Defendant who worked over forty hours in a workweek, but did not receive overtime pay for their overtime worked.

14. Plaintiff was compensated by Defendant for his work at an hourly rate of $13.41 per hour.

15. During Plaintiff's employment, he regularly and repeatedly performed work in excess of forty (40) hours per week.

16. Under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

17. When Plaintiff worked more than forty (40) hours during a week, Defendant did not compensate him at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

18. Plaintiff's actual job duties were not those of an "exempt" employee.

19. Moreover, Plaintiff was not paid on a "salary basis," as that term is defined by the FLSA.

20. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff suffered lost wages.

21. Likewise, other similarly situated employees regularly and repeatedly worked over

forty (40) hours per week.

22. When Defendant's employees worked more than forty (40) hours during a week, Defendant did not compensate them at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work.

23. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result, Plaintiff and similarly situated employees have suffered lost wages.

24. Defendant is unable to bear its burden of showing that Plaintiff fell within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

25. Defendant's intentional failure to pay Plaintiff his proper overtime wages is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the law.

26. Defendant is unable to bear its "substantial burden" of showing their failure to comply with the FLSA was in good faith and predicated on reasonable grounds. *Laffey v. Northwest Airlines,* 567 F.2d 429, 464 (D.C. Cir. 1976); 29 U.S.C. §216(b); 29 U.S.C. §260.

27. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that

damages or restitution be awarded according to proof thus obtained and presented to the Court.

28. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiffs with regard to their wages and damages, in that they have been denied proper overtime compensation. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. Those similarly situated employees are known to Defendant and are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

### IV. CAUSES OF ACTION

29. The forgoing facts are incorporated by reference as if fully stated herein.
30. Plaintiff brings the following claim against Defendant:
    a. Failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

### V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting into the collective action;

C. A declaratory judgment that Defendant has willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable statutory and common law damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

*s/ Michael L. Russell*
MICHAEL L. RUSSELL (#20268)
EMILY S. EMMONS (#33281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
Email: mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES*