# SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into by and between Tennessee Mental Health Consumers' Association, Inc. (referred to as "Defendant" or as one of "the Parties") and Gary Richardson, Cheryl Martin, Okima McGregor, Michelle Pollon-Tarton, and Andrea Fason (referred to collectively as "Plaintiffs" or as one of "the Parties").

## RECITALS

The Parties have resolved all Plaintiffs' claims in a comprehensive manner, including all claims which were or could have been made in *Gary Richardson v. Tenn Mental Health Consumer's Assoc., Inc.*, Case No. 2:17-cv-02321-SHL-CGC, pending in the United States District Court for the Western District of Tennessee (the "Litigation").

Through the Litigation, Plaintiffs made allegations against Defendant for unpaid wages in violation of the Fair Labor Standards Act ("FLSA").

Defendant has denied and does deny all of Plaintiff's allegations that it has violated any laws, including, but not limited to the FLSA.

For purposes of avoiding costly litigation and in order to reach an amicable resolution of the claims and disputes by and among the Parties, the Parties compromised, fully and finally settled, and fully released any actual and/or potential claims, known and unknown, that the Named Plaintiff Gary Richardson had or may have against Defendant, including without limitation, any actual claims which were raised or which could have been raised in the Litigation.

The Parties desire to memorialize their resolution of the Litigation in conjunction with submitting the proposed settlement to the Court for approval as set forth in the *Joint Motion for Approval of FLSA Collective Action Settlement and Authorization for Parties to Effectuate Settlement* to be filed in the Litigation.

For and in consideration of the above, and the additional covenants and agreements set forth herein, the Parties agree as follows:

1. **Settlement Amount.** Defendant agrees to pay and Plaintiffs agree to accept Twenty-Five Thousand Dollars ($25,000.00) ("Settlement Amount") in full and final settlement of the Litigation, subject to the Court's approval. As additional consideration, Defendant agrees to pay to counsel for Plaintiffs One Thousand Three Hundred Twelve Dollars and Fifty Cents ($1,312.50) for Plaintiffs' share of mediation costs. Plaintiffs agree and acknowledge that the Settlement Amount will be distributed as follows:

Exhibit A

a) A check in the amount of One Thousand, Nine Hundred, Thirty-Two Dollars ($1,932) to Tennessee Department of Children's Services on behalf of Gary Richardson. This payment shall be classified as wages, with all applicable employment withholdings. Richardson will receive an IRS Form W-2 for this amount.

b) A check in the amount of $792.29 to Tennessee Department of Children's Services on behalf of Gary Richardson. This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. Richardson shall receive an IRS Form 1099 for this amount.

c) A check in the amount of $1,139.71 made payable to Gary Richardson. This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. Richardson shall receive an IRS Form 1099 for this amount.

d) A check in the amount of Two Thousand, One Hundred Dollars ($2,100) made payable to Michelle Pollion-Tarton. This payment shall be classified as wages, with all applicable employment withholdings. Pollion-Tarton will receive an IRS Form W-2 for this amount.

e) A check in the amount of Two Thousand, One Hundred Dollars ($2,100) made payable to Michelle Pollion-Tarton. This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. Pollion-Tarton shall receive an IRS Form 1099 for this amount.

f) A check in the amount of One Thousand, Six Hundred Twenty-Eight Dollars and Fifty Cents ($1,628.50) made payable to Andrea Fason. This payment shall be classified as wages, with all applicable employment withholdings. Fason will receive an IRS Form W-2 for this amount.

g) A check in the amount of One Thousand, Six Hundred Twenty-Eight Dollars and Fifty Cents ($1,628.50) made payable to Andrea Fason. This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. Fason shall receive an IRS Form 1099 for this amount.

h) A check in the amount of One Thousand, Two Hundred Thirty-Nine Dollars and Fifty Cents ($1,239.50) made payable to Cheryl Martin. This payment shall be classified as wages, with all applicable employment withholdings. Martin will receive an IRS Form W-2 for this amount.

i) A check in the amount of One Thousand, Two Hundred Thirty-Nine Dollars and Fifty Cents ($1,239.50) made payable to Cheryl Martin. This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. Martin shall receive an IRS Form 1099 for this amount.

j) A check in the amount of Six Hundred Dollars ($600) made payable to Okima McGregor. This payment shall be classified as wages, with all applicable employment withholdings. McGregor will receive an IRS Form W-2 for this amount.

Exhibit A

> k) A check in the amount of Six Hundred Dollars ($600) made payable to Okima McGregor.
> l) This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. McGregor shall receive an IRS Form 1099 for this amount.
> m) A check in the amount of Eleven Thousand, Three Hundred Twelve Dollars and Fifty Cents ($11,312.50) made payable to Gilbert McWherter Scott Bobbitt PLC representing attorneys' fees and expenses under the Fair Labor Standards Act. Gilbert McWherter Scott Bobbitt PLC will receive a separate IRS Form 1099 reflecting receipt of this amount.

2. **Court Approval.** Plaintiffs agree and acknowledge that this Settlement Agreement must be approved by the Court. Plaintiffs agree that this Settlement Agreement constitutes a fair and reasonable compromise of disputed claims under the FLSA. Upon court approval of this Settlement Agreement, Plaintiffs shall undertake all actions necessary to dismiss with prejudice any and all claims arising out of the allegations set forth in the Litigation.

3. **Release.** In exchange for the Settlement Amount and after court approval of the settlement, each Plaintiff agrees to execute the Releases attached hereto.

4. **Responsibility for Taxes.** Defendant has made no representation regarding how the amount of consideration provided for in this Settlement Agreement should be treated for tax purposes, aside from applicable employment tax withholdings, which have been set forth in Section 1. Plaintiffs acknowledge that they are responsible for obtaining appropriate advice and counseling regarding the tax consequences of Defendant's payments to them and that they are responsible for the payment of all taxes. Plaintiffs agree to indemnify and hold harmless Defendant for any tax liability resulting from payments to the Plaintiffs and their attorneys.

5. **Governing Law**. This Agreement will be governed by and construed in accordance with the laws of the State of Tennessee.

6. **Execution**. The Parties may execute this Settlement Agreement in counterparts or multiple originals each of which shall have the same effect, and each duplicate of which shall have the same effect, as a single jointly executed original.

IN WITNESS, the Parties have executed the above Agreement on the date listed below.

_____    Date: _____

Gary Richardson

Page **3** of 4

Exhibit A

    k) A check in the amount of Six Hundred Dollars ($600) made payable to Okima McGregor.

    l) This payment represents non-wage liquidated damages, and not a payment of wages or substitution of wages. McGregor shall receive an IRS Form 1099 for this amount.

    m) A check in the amount of Eleven Thousand, Three Hundred Twelve Dollars and Fifty Cents ($11,312.50) made payable to Gilbert McWherter Scott Bobbitt PLC representing attorneys' fees and expenses under the Fair Labor Standards Act. Gilbert McWherter Scott Bobbitt PLC will receive a separate IRS Form 1099 reflecting receipt of this amount.

2. **Court Approval.** Plaintiffs agree and acknowledge that this Settlement Agreement must be approved by the Court. Plaintiffs agree that this Settlement Agreement constitutes a fair and reasonable compromise of disputed claims under the FLSA. Upon court approval of this Settlement Agreement, Plaintiffs shall undertake all actions necessary to dismiss with prejudice any and all claims arising out of the allegations set forth in the Litigation.

3. **Release.** In exchange for the Settlement Amount and after court approval of the settlement, each Plaintiff agrees to execute the Releases attached hereto.

4. **Responsibility for Taxes.** Defendant has made no representation regarding how the amount of consideration provided for in this Settlement Agreement should be treated for tax purposes, aside from applicable employment tax withholdings, which have been set forth in Section 1. Plaintiffs acknowledge that they are responsible for obtaining appropriate advice and counseling regarding the tax consequences of Defendant's payments to them and that they are responsible for the payment of all taxes. Plaintiffs agree to indemnify and hold harmless Defendant for any tax liability resulting from payments to the Plaintiffs and their attorneys.

5. **Governing Law.** This Agreement will be governed by and construed in accordance with the laws of the State of Tennessee.

6. **Execution.** The Parties may execute this Settlement Agreement in counterparts or multiple originals each of which shall have the same effect, and each duplicate of which shall have the same effect, as a single jointly-executed original.

IN WITNESS, the Parties have executed the above Agreement on the date listed below.

_Gary Richardson_      Date: 01-05-2018

Gary Richardson

Page 3 of 4

Exhibit A

TENNESSEE MENTAL HEALTH CONSUMERS ASSOCIATION, INC.

BY: *Stacey M. Murphy*
(Signature)

ITS: *Chief Operating Officer*
(Title)

Date: *1-5-17*

Exhibit A